2014-1288
(Serial No. 10/885,569)

---

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

IN RE: RICHARD A. GRAFF,
Appellant

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in Application Serial No. 10/885,569

---

# MOTION OF APPELLANT RICHARD A. GRAFF FOR REMAND

---

Michael K. Mutter
D. Richard Anderson
Birch, Stewart, Kolasch & Birch LLP
8110 Gatehouse Road
Suite 100E
Falls Church, VA 22042
(703) 205-8000
*Counsel for Appellant*

Peter K. Trzyna
Peter K. Trzyna Law Office P.C.
195 North Harbor Drive, #5403
Chicago, IL 60601
(312) 240-0824
*Counsel for Appellant*
Richard A Graff

August 19, 2014

Appellant Richard A. Graff ("Appellant") respectfully moves this Court for remand to the United States Patent and Trademark Office ("USPTO") for consideration of factual findings necessary for proper analysis of the claims on appeal (claims 1-53) under the 35 U.S.C. §101 statutory subject matter test pursuant to the intervening decision of the Supreme Court in *Alice Corporation Pty. Ltd. v. CLS Bank International*, 573 U.S. __, 134 S. Ct. 2347, 82 USLW 4508, 2014 WL 2765283, No. 13-298 (June 19, 2014), asserted in the USPTO ("Appellee") Brief filed with this Court on July 28, 2014. Because a rejection under Section §101 was never applied by the USPTO during the prosecution of the US patent application involved in the present appeal, the Appellant has not been given an opportunity to bring forth the facts necessary to support his position concerning patentability of claims 1-53 under Section §101, nor has Appellant had a chance to provide evidence of factual findings required by the test of *Alice*. The *Alice* decision has revised the test for statutory subject matter so that this test is at least informed by factual findings (absent in the present record before this Court), such as what is an abstract concept in the relevant art, and whether the claims preempt that abstract concept in all fields to effectively grant a monopoly on an abstract idea. Therefore, it is not appropriate to conclude that the *Alice* test is ripe for a determination as a matter of law without regard to such important factual underpinnings that the Appellant has never had notice of, or opportunity to develop

and present. *See, e.g.*, *In re Lee*, 277 F. 3d 1338, 1342 (Fed. Cir. 2002) (it is the obligation of the agency to provide an administrative record showing evidence on which its findings are based); *In re Gartside*, 203 F.3d 1305, 1314 (Fed. Cir. 2000) (pointing out that applicant must be given an opportunity to bring forth the facts necessary to support his or her position) and *In re Watts*, 354 F.3d 1362, 1367 (Fed. Cir. 2004) (same); *In re Comiskey*, 554 F.3d 967, 974 (Fed. Cir. 2009) (consideration of a Section §101 ground of rejection was appropriate only because "there [was] no issue of fact, policy, or agency expertise"); *Alice Corp.*, slip op., at 7, 9, 10, 11, 13 (the test for statutory subject matter under Section §101 is revised to require certain factual findings such as what is an abstract concept in the relevant art, and whether the claims preempt that abstract concept).

Therefore, the USPTO's request, presented in its Appellee Brief filed with this Court, to reject the claims on appeal under Section §101 in view of the intervening Supreme Court decision in *Alice*, warrants a remand of the present appeal to the USPTO.

The Appellant has contacted the counsel for the Appellee USPTO, who has stated that the USPTO opposes this motion.

The counsel for the Appellee USPTO has twice offered the alternative of allowing the Appellant to withdraw the present appeal and file a continuation

application. However, this alternative would create a substantial loss of patent term for the Appellant.

## BACKGROUND

This appeal began on December 27, 2013, when Appellant sought review under 35 U.S.C. §141 from the adverse Decision on Appeal. No. 2012-003941 of the Patent and Trademark Office Patent Trial and Appeal Board (the "Board") sustaining a final rejection of all claims 1-53 (JA665-676.) of U.S. Patent Application Serial No. 10/885,569 ("the '569 Application") as being unpatentable under 35 U.S.C. §103. (JA1-19.) The Board sustained the rejection of claims 1-53 as unpatentable under 35 U.S.C. §103(a) in view of a combination of cited references to Davidson and Eder which according to the Board teach certain claim features, while the rest of the claim features which are not in the cited references were given no patentable weight according to the Board, because the Board considered them to be non-functional descriptive material (JA7-12), and/or printed matter (JA8-9), and/or intended use limitations (JA18), and/or limitations not positively recited (JA5-6, 11-12).

On May 21, 2014, Appellant filed his Brief with this Court in which Appellant argued that all claim features should have been given patentable weight in the 35 U.S.C. §103 analysis, because the claim features are functional and are not printed matter.

On July 28, 2014, the USPTO filed its Appellee Brief in which it sustained the Board's 35 U.S.C. §103 analysis. In addition, the Appellee Brief requested this Court to reject all claims 1-53 on appeal based on a new ground of rejection under 35 U.S.C. §101 pursuant to the recent intervening decision of the Supreme Court in *Alice Corporation Pty. Ltd. v. CLS Bank International,* 573 U.S. __, 134 S. Ct. 2347, 82 USLW 4508, 2014 WL 2765283, No. 13-298 (June 19, 2014). *See* Appellee Br. at 2, 11, 23.[1]

The Appellee Brief is the first time, in the entire prosecution of the '569 Application, when a ground of rejection under 35 U.S.C. §101 has been raised.

**DISCUSSION**

In response to the Appellee Brief requesting this Court to reject the claims on appeal (claims 1-53) based on a new ground of rejection under 35 U.S.C. §101 pursuant to the recent intervening decision of the Supreme Court in *Alice,* the Appellant requests via the present motion remand of the present appeal to the USPTO Examiner and/or USPTO Board, to consider whether a rejection under Section §101 under the *Alice* Supreme Court decision is appropriate to each of the pending claims. A remand is necessary in this case, for the reasons explained below.

---

[1] Throughout this motion, pages of the Joint Appendix are cited as "JA__," and pages of Appellee Brief are cited as "Appellee Br."

The Appellee Brief urges that claims 1-53 on appeal be rejected by this court on a ground asserted by the USPTO for the first time in the prosecution of the '569 Application. This proposed new ground of rejection asserted in the Appellee Brief is that of non-statutory subject matter under Section §101 in view of the intervening Supreme Court *Alice* decision, and the Appellee Brief urges this Court to *sua sponte* raise this new ground of rejection based on *In re Comiskey*, 554 F.3d 967 (Fed. Cir. 2009). *See* Appellee Br. at 10-11, 13.

More specifically, in *Comiskey* the USPTO had rejected a patent application solely on the ground of obviousness. *Comiskey*, 554 F.3d at 969, 972. On appeal, this Court instead held *sua sponte* that some of the claims (independent method claims) did not recite patentable subject matter under Section §101, and remanded other claims (system claims and some dependent method claims) to the USPTO so that the agency could consider in the first instance whether they recited patentable subject matter. *Id*. at 981-982.

Although in *Comiskey* this Court *sua sponte* requested the briefing of Section §101 statutory subject matter not previously before the Court, *Comiskey* is not applicable in the present situation. This is because the *Alice* decision – the basis of Appellee's request to this Court to reject the claims under Section §101 – has actually revised the test for statutory subject matter so that this test is at least informed by factual findings absent in the record before this Court such as what is

an abstract concept in the relevant art, and whether the claims preempt that abstract concept in all fields to effectively grant a monopoly on an abstract idea. Such intervening Supreme Court decision warrants a remand. *See also Braun Inc. v. Dynamics Corp. of America*, 975 F.2d 815, 825-826 (Fed. Cir. 1992).

More specifically, the *Alice* decision instructs that the trier of fact must "distinguish between patents that claim the "'buildin[g] block[s]'" of human ingenuity and those that integrate the building blocks into something more." *Alice Corp.*, slip op., at 6 (citing *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 566 U.S. __ ,132 S. Ct. 1289, 101 USPQ2d 1961 (2012) (slip op., at 3, 20)). In *Mayo* this was contemplated as including distinguishing between routine/conventional activity, and "inventive concept." *Mayo*, 132 S. Ct. at 1292. In *Alice*, the two-step framework for deciding whether claims are statutory was further bifurcated:

> *We must first determine whether the claims at issue are directed to a patent-ineligible concept.* …. Petitioner's claims involve a method of exchanging financial obligations between two parties using a third party intermediary to mitigate settlement risk. The intermediary creates and updates "shadow" records to reflect the value of each party's actual accounts held at "exchange institutions," thereby permitting only those transactions for which the parties have sufficient resources. At the end of each day, the intermediary issues irrevocable instructions to the exchange institutions to carry out the permitted transactions. …. Like the risk hedging in *Bilski*, the concept of intermediated settlement is "'a fundamental economic practice long prevalent in our system of commerce.'"
> …. Because the claims at issue are directed to the abstract idea of intermediated settlement, *we turn to the second step in Mayo's*

> *framework.* …. *Mayo* itself is instructive. …. The introduction of a computer into the claims does not alter the analysis at *Mayo* step two …. Thus, if a patent's recitation of a computer amounts to a mere instruction to "implemen[t]" an abstract idea "on . . . a computer," *Mayo, supra*, at ___ (slip op., at 16), that addition cannot impart patent eligibility …. *the relevant question is whether the claims here do more than simply instruct the practitioner to implement the abstract idea of intermediated settlement on a generic computer.* (*Alice Corp.*, slip op., at 7, 9, 10, 11, 13, 14 (emphasis added).)

Such findings referred to in *Alice* and *Mayo* are based on fact, and are not present in the record of this appeal.

The intensive fact-based inquiry required by the *Alice* decision has been duly recognized by the USPTO's own "Memorandum to the Patent Examining Corps"[2] which provides "Preliminary Instructions for Analyzing Claims with Abstract Ideas" as follows:

> The Supreme Court made clear in *Alice Corp.* that it applies the framework set forth in *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 566 U.S. __ (2012) (*Mayo*), to analyze all claims directed to laws of nature, natural phenomena, and abstract ideas for subject matter eligibility under 35 U.S.C. §101. This framework is currently being used by the USPTO to examine claims involving laws of nature, *but had not been used for claims involving abstract ideas. Therefore, the following instructions differ from prior USPTO guidance in two ways:*
> 1) *Alice Corp.* establishes that the same analysis should be used for all types of judicial exceptions, whereas prior USPTO guidance

---

[2] USPTO Memorandum to Patent Examining Corps, on "Preliminary Examination Instructions in view of the Supreme Court Decision in *Alice Corporation Pty. Ltd. v. CLS Bank International, et al.*", issued on June 25, 2014, attached as Exhibit 1 to this Motion.

applied a different analysis to claims with abstract ideas … than to claims with laws of nature ….

2) *Alice Corp.* also establishes that the same analysis should be used for all categories of claims (e.g., product and process claims), whereas prior guidance applied a different analysis to product claims involving abstract ideas … than to process claims

….

<u>Two-part Analysis for Abstract Ideas</u>

Following *Alice Corp.*, now analyze all claims (product and process) having an abstract idea using the following two-part analysis set forth in *Mayo*:

<u>Part 1</u>: Determine whether the claim is directed to an abstract idea .... *an invention is not rendered ineligible simply because it involves an abstract concept. In fact, inventions that integrate the building blocks of human ingenuity into something more by applying the abstract idea in a meaningful way are eligible. .... Claims that include abstract ideas like these should be examined under <u>Part 2</u> below to determine whether the abstract idea has been applied in an eligible manner.* ….

<u>Part 2</u>: If an abstract idea is present in the claim, *determine whether any element, or combination of elements, in the claim is sufficient to ensure that the claim amounts to significantly more than the abstract idea itself. In other words, are there other limitations in the claim that show a patent-eligible application of the abstract idea, e.g., more than a mere instruction to apply the abstract idea?* ….

Limitations referenced in *Alice Corp.* that may be enough to qualify as "significantly more" when recited in a claim with an abstract idea include, as non-limiting or non-exclusive examples: Improvements to another technology or technical fields … Improvements to the functioning of the computer itself …Meaningful limitations beyond generally linking the use of an abstract idea to a particular technological environment." (USPTO Memorandum, pages 1-3 (emphasis added).)

By contrast, the *Comiskey* decision was not predicated on an intervening controlling decision, and there was in fact no decision at that time that revised the test for statutory subject matter. In fact, the sole reason why consideration of a

Section §101 ground of rejection was appropriate in *Comiskey* was that "there [was] no issue of fact, policy, or agency expertise". *Id.* at 974. As the Comiskey Court explained:

> Over sixty years ago in *Securities & Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 63 S. Ct. 454, 87 L. Ed. 626 (1943), the Supreme Court made clear that a reviewing court can (and should) affirm an agency decision on a legal ground not relied on by the agency *if there is no issue of fact, policy, or agency expertise.*
> …. We have repeatedly applied *Chenery* and have said that "[w]e may, however, where appropriate, affirm the [agency] on grounds other than those relied upon in rendering its decision, *when upholding the [agency's] decision does not depend upon making a determination of fact not previously made by the [agency]*." *Killip v. Office of Pers. Mgmt.*, 991 F.2d 1564, 1568-69 (Fed.Cir.1993) (emphases added); *see also Newhouse v. Nicholson*, 497 F.3d 1298, 1301 (Fed.Cir.2007) ("[T]he *Chenery* doctrine is not implicated when the new ground for affirmance is not one that calls for a determination or judgment which an administrative agency alone is authorized to make." (internal quotation marks omitted)); *Spears v. Merit Sys. Prot. Bd.*, 766 F.2d 520, 523 (Fed. Cir. 1985).
> …. some of our cases have concluded that "it is inappropriate for this court to consider rejections that had not been considered by or relied upon by the Board." *In re Margolis*, 785 F.2d 1029, 1032 (Fed.Cir.1986) …. these statements referred to *situations that required factual determinations not made by the agency*. For example, in Margolis and other cases *the new grounds for decision would require this court to make factual determinations* … which had not been considered by the PTO.
> …. *While there may be cases in which the legal question as to patentable subject matter may turn on subsidiary factual issues, Comiskey has not identified any relevant fact issues that must be resolved in order to address the patentability of the subject matter of Comiskey's application.* (*Id.* at 974-975 (emphasis added).)

Thus, unless there is no issue of fact, policy and agency expertise, "[c]onsideration by the appellate tribunal of new agency justifications deprives the

aggrieved party of a fair opportunity to support its position; thus review of an administrative decision must be made on the grounds relied on by the agency." *Lee*, 277 F.3d at 1345-1346, and *Comiskey*, 554 F.3d at 974; *see also Securities & Exchange Comm'n v. Chenery Corp.*, 332 U.S. 194, 196, 67 S. Ct. 1575 (1947).

Furthermore, even in *Comiskey* this Court recognized that review of compliance with Section §101 was premature for system claims and certain method claims reciting structure, and remanded those claims to the USPTO so that the agency could consider in the first instance whether they recited patentable subject matter:

> We consider independent claims 17 and 46 separately …. These claims, under the broadest reasonable interpretation, could require the use of a machine …. Similarly, *even though Comiskey did not separately argue his dependent claims, our decision is based on a different ground than the Board's, and we think it is appropriate to separately consider dependent claims 15, 30, 44, and 58. Each of these claims adds the following limitation to its corresponding independent claim* …. As to all of these claims … we think that the §101 question *should be addressed in the first instance by the PTO*. …. With respect to independent claims 17 and 46 (with dependent claims 18-29, 31, 47-57, and 59) and dependent claims 15, 30, 44, and 58, *we remand to the PTO to determine in the first instance whether §101 is satisfied. If the Board had relied on the new §101 ground for rejection in the first instance, Comiskey would have had the opportunity to amend his application under 37 C.F.R. § 41.50(b). We think that it is appropriate to afford Comiskey the same protections in this respect as he would have had before the Board with respect to the claims that we have held unpatentable.* (*Comiskey*, 554 F.3d at 981-982 (emphasis added).)

The Appellant therefore requests the Court to remand the present appeal back to USPTO not only because the *Alice* decision has revised the test for statutory subject matter to require factual findings never before of record before this Court, but also because the claims currently on appeal include 53 claims, of which 50 are dependent claims of increasingly narrower scope. These 53 claims have clearly not been grouped together -and could not have been grouped together - for a ground of rejection that has not been previously raised (i.e., unpatentability under Section §101 in view of *Alice* decision). As in *Comiskey*, it is premature to review compliance with Section §101 without a remand for the various claims, including system claims of increasingly narrower scope that are currently on appeal.

The Appellant therefore submits that the Section §101 inquiry should be addressed in the first instance by the USPTO with respect to not only independent claims 1 (method claim), 10 (system claim) and 20 (system claim), but also dependent claims 2-9, 11-19 and 21-53 currently on appeal.

As the test for statutory subject matter is revised by *Mayo* and *Alice*, it is no longer appropriate to conclude that this test is ripe for a determination as a matter of law without regard to important factual underpinnings as was only selectively done in *Comiskey*. Appellant requests remand to the USPTO, in order to be afforded an opportunity to produce evidence to counter or otherwise address with

respect to all claims 1-53 USPTO's newly asserted unpatentability argument based on *Alice.* It would be unfair not to give the Appellant the chance to address USPTO's new asserted rejection and produce such evidence, because neither the Board, nor the Examiner ever rejected or even suggested that the claims of the '569 Application might be unpatentable under Section §101; furthermore, the timing of the intervening *Alice* decision has not given the Appellant an opportunity to review his claims for compliance therewith which the USPTO urges.

As the Appellant did not have notice before that the claims might be rejected under Section §101, such lack of notice to Appellant additionally justifies a remand. For example, this Court has remanded an appeal back to the USPTO when it noticed that the Board and the Examiner, having had ample opportunity to consider an applicant's previous allegations of unexpected results, chose to ignore applicant's arguments based on unexpected results. *In re De Blauwe*, 736 F.2d 699, 222 U.S.P.Q. 191 (Fed. Cir. 1984). As this Court remarked in that case:

> Despite appellants' arguments throughout prosecution that heat shrinkable articles with the claimed expansion ratios overcome the longstanding splitting problem, the board and the examiner merely concluded that these ratios would have been obvious without properly responding to appellants' allegations of unexpected results. Although appellants failed to make an adequate showing of unexpected results, *if the board or the examiner had considered this point when the case was pending before them and had pointed out that there was no objective evidence of unexpected results, appellants would, at least, have had notice and would have had an opportunity to file objective evidence* …. Neither the board nor the examiner, however, gave such notice, and, *therefore, appellants were led to believe, albeit*

> *erroneously, that they had satisfied their burden of going forward …. In view of the PTO's failure to challenge the sufficiency of appellants' rebuttal evidence until this appeal, when appellants could no longer offer evidence, we conclude that it is necessary … to remand the case to afford appellants the opportunity to submit objective evidence of unexpected results*. (*De Blauwe*, 736 F.2d at 706 (emphasis added).)

As is recognized by numerous cases, such as *Lee*, it is the obligation of the agency to provide an administrative record showing evidence on which its findings are based, accompanied by the agency's reasoning in reaching its conclusions. *See Lee,* 277 F.3d at 1342-44 (discussing the importance of relying on objective evidence and making specific factual findings when rejecting claims); *In re Webb*, 916 F.2d 1553, 1556-1557 (Fed. Cir. 1990) (for an issue to be reviewed by this Court, it must be clearly specified as a ground for rejection during USPTO examination). But here, with no Section §101 rejection applied below, Appellant has not been given the "opportunity to bring forth the facts thought necessary to support his or her position." *Watts*, 354 F.3d at 1367 (citing *Gartside*, 203 F.3d at 1314). Specifically, the Appellant has not been afforded an opportunity to develop the record to support the statutory nature of his claimed invention, or to amend the claims to tailor them to the revised test of *Alice*. The Appellant will therefore be prejudiced by first addressing USPTO's Section §101 concerns based on *Alice* in this Court, by being denied the opportunity to develop the record and fully brief a position not previously taken by the USPTO. This further supports a remand.

## CONCLUSION

For all the reasons set forth herein, a remand is needed to afford Appellant the opportunity to submit evidence responsive to USPTO's new ground of rejection based on the *Alice* decision. The Appellant therefore requests that the present appeal be remanded for further consideration in light of *Alice*.

Respectfully submitted,

/s/ Michael K. Mutter
Michael K. Mutter
D. Richard Anderson
Birch, Stewart, Kolasch & Birch
8110 Gatehouse Road, Suite 100E
Falls Church, VA 22042
(703) 205-8000
*Counsel for Appellant*

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August 2014, a true and correct copy of the foregoing was electronically filed with the Clerk via the Court's CM/ECF system and thereby electronically served on the following:

Nathan K. Kelley
Office of Solicitor, U.S. Patent and Trademark Office
Office of the Solicitor
Mail Stop 8, P.O. Box 1450
Alexandria, VA 22313-1450

Joseph Matal
Office of Solicitor, U.S. Patent and Trademark Office
Office of the Solicitor
Mail Stop 8, P.O. Box 1450
Alexandria, VA 22313-1450

Amy J. Nelson
Office of Solicitor, U.S. Patent and Trademark Office
Office of the Solicitor
Mail Stop 8, P.O. Box 1450
Alexandria, VA 22313-1450

Thomas W. Krause
Office of Solicitor, U.S. Patent and Trademark Office
Office of the Solicitor
Mail Stop 8, P.O. Box 1450
Alexandria, VA 22313-1450

/s/ Michael K. Mutter
Michael K. Mutter