Appeal No. 2014-1288
(Serial No. 10/885,569)

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
_____

# IN RE RICHARD A. GRAFF

_____

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board.

_____

## USPTO DIRECTOR'S RESPONSE IN OPPOSITION
## TO APPELLANT GRAFF'S MOTION FOR REMAND

NATHAN K. KELLEY
Solicitor

THOMAS W. KRAUSE
Deputy Solicitor

JOSEPH MATAL
AMY J. NELSON
Associate Solicitors

Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450
(571) 272-9035

*Attorneys for the Director of the
United States Patent and
Trademark Office*

August 28, 2014

Appellee USPTO Director respectfully opposes Appellant Graff's Motion for Remand. The basis for the Board's decision requires no further development and has been fully briefed. While Graff urges remand because the Director's brief asserts that the claimed invention is further unpatentable under the U.S. Supreme Court's intervening decision in *Alice Corporation Pty. Ltd. v. CLS Bank International*, 134 S. Ct. 2347 (2014), Graff's proper recourse is to respond to the Director's brief in his own reply brief. If Graff believes that *Alice* does not affect his claims, or that the question is not appropriate to consider, or that it would require further factfinding, he can simply make those arguments to the panel.

Affirmance on the obviousness grounds that have been fully briefed would obviate the need for this Court to reach § 101 and consider *Alice*. Should the Court ultimately reverse the obviousness rejection, it could address the eligibility issue itself as it has done in the past, or simply remand to the agency to consider it in the first instance. In no event is a remand necessary now for this Court to review the decision on appeal.

**A. Affirmance of the Board's § 103 Decision Would Avoid the Need to Address the § 101 Issue that Graff Alleges Requires a Remand**

Graff argues that remand to the USPTO is required for "consideration of factual findings necessary for proper analysis of the claims on appeal (claims 1-53) under the 35 U.S.C. § 101 statutory subject matter test pursuant to the

1

intervening decision of the Supreme Court in *Alice Corporation*." Motion at 2.[1]
As Graff himself notes, however, the Board "sustained the rejection of claims 1-53 [*i.e.*, all pending claims] as unpatentable under 35 U.S.C. § 103."
Motion at 4; *see* A7; A13; A17; A19. The Board expressly relied on § 103, finding that the principal elements of Graff's claims were disclosed in Davidson and Eder, and the remaining elements—the recited property interests—are "legal abstractions" (A5) that are not entitled to patentable weight. A7. The Board concluded that "[t]he claims do not recite any physical steps that vary based on the nature of the legal interests, as even the actual computation algorithms are not further narrowed dependent upon the nature of the interest." A10, ll. 11-14.

Graff also concedes that "the USPTO filed its Appellee brief in which it sustained the Board's 35 U.S.C. § 103 analysis." Motion at 5; *see* Appellee Br. at 13-22. In other words, the Board affirmed the rejection of the claims under § 103, and the Director defends that rejection in her brief in this Court. Graff does not allege that any additional factfinding would be necessary in order for this Court to affirm the Board's § 103 decision. Because affirmance of that decision would not require additional factfinding, Graff's motion for remand should be denied.

---

[1] Throughout this Response, pages of Graff's Motion for Remand are cited as "Motion at___," pages of the Joint Appendix are cited as "A___," and pages of the Director's brief in this Court are cited as "Appellee Br. at___."

### B. Applying § 101 and *Alice* to this Case Would Not Require Any Additional Factfinding

The Director chose to raise the § 101 issue because she anticipates that this Court may have questions about the eligibility of Graff's claims in the wake of *Alice*. *See, e.g., In re Bentwich*, No. 2013-1460, 2014 WL 2535262 (Fed. Cir. June 6, 2014). Rather than waiting for the issue to be discussed at the oral hearing, the Director concluded the best approach was to brief the issue and give Graff an opportunity to reply. This Court has decided appeals in the past on the basis of an eligibility issue not decided by the Board. *See, e.g., id; In re Comiskey*, 554 F.3d 967, 973-75, 981 (Fed. Cir. 2009).

If this Court does choose to reach the § 101 issues raised in the Director's brief, applying § 101 and *Alice* to this case would not require any additional factfinding. This Court has generally treated the question of whether a patent is directed to patent eligible subject matter as a question of law that it reviews without deference. *See Bancorp Servs., LLC v. Sun Life Assurance Co. of Canada (U.S.)*, 687 F.3d 1266, 1273 (Fed. Cir. 2012); *Fort Properties, Inc. v. Am. Master Lease LLC*, 671 F.3d 1317, 1320 (Fed. Cir. 2012); *In re Comiskey*, 554 F.3d at 975 (Fed. Cir. 2009).

The Supreme Court's *Alice* decision confirms that application of § 101 is a legal question that may not require additional factfinding. *Alice* applied a two-step "framework" to determine whether a patent claims abstract ideas or other

3

patent-ineligible concepts. *Alice*, 134 S. Ct. at 2355. First, the reviewing court must "determine whether the claims at issue are directed to one of those patent-ineligible concepts." *Id.* If it finds that they are, the court must then consider "the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Id.* The Supreme Court emphasized that "mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Id.* at 2358.

Notably, in *Alice*, the Court applied the two-step subject-matter eligibility test in the first instance without the need for additional factfinding or a remand. In step one of its analysis, the Court had no difficulty concluding that the claims at issue were "drawn to the concept of intermediated settlement, *i.e.*, the use of a third party to mitigate settlement risk," and were thus directed to an abstract idea. *Id.* at 2356. And in step two, the Court concluded that "each step [of the claims] does no more than require a generic computer to perform generic computer functions." *Id.* at 2359. No remand was required to find facts before the Court could conduct this analysis; the Supreme Court simply made these determinations itself, and held the claims to be unpatentable under § 101. *Id.* at 2360; *see also Planet Bingo, LLC v. VKGS LLC*, No. 2013-1663, at *2-3, 2014 WL 4195188 (Aug. 26, 2014) (applying the Supreme Court's *Alice* decision in

4

the first instance on appeal without remand for factfinding).

The Director recognizes that in some cases, a fact-based prior-art analysis may be required in order to perform step two of the *Alice* analysis and determine whether a patent application claims a computer only for its "routine" or "conventional" functions. *Alice*, 134 S. Ct. at 2359. This is not such a case. Graff himself notes that his invention may be implemented by "an IBM-compatible personal computer with a DOS operating system," A65, l.20, and he maintains that "other implementations of the present invention" using "a different kind of digital computer . . . are entirely acceptable and equivalent to the present invention." A67, ll.9-13. The computer-implemented elements of Graff's invention, in other words, amount to no more than "requir[ing] a generic computer to perform generic computer functions," *Alice*, 134 S. Ct. at 2359. As was the case in *Alice*, application of § 101 to Graff's claimed invention does not require additional factfinding or a remand.[2]

Graff also contends that his "system" claims should be treated differently than his computer-implemented method claims, and that those claims require a

---

[2] This conclusion is confirmed by the marked similarity of Graff's three computer implemented steps to those at issue in *Alice*. Graff's claim 1 recites (1) "receiving input signals at a processor;" (2) "controlling the processor to manipulate at least some of the signals to compute a valuation;" and (3) "producing financial analysis output . . . at the output device"—while the claimed steps in *Alice* consisted of (1) "obtain[ing] data;" (2) "adjust[ing] account balances;" and (3) outputting "instructions." *Alice*, 134 S. Ct. at 2359.

5

remand for factfinding even if his method claims do not. Motion at 11. The Supreme Court, however, rejected just such an argument in *Alice*. The patent owner in *Alice* argued that his system claims should be treated differently because "those claims recite "specific hardware" configured to perform "specific computerized functions." *Alice*, 134 S. Ct. at 2360 (*quoting* Brief of Petitioner). The Supreme Court, however, readily concluded that the recited "system" elements were "purely functional and generic." *Id.* It determined that "the system claims [were] no different from the method claims in substance." *Id*. The Court thus held the claims to be invalid under § 101 without any further factfinding or a remand. Graff's recited hardware elements are no less generic than those at issue in *Alice*. Therefore, as in *Alice*, this Court can identify them as such without further factfinding or a remand.

If this Court *does* reach the § 101 question in this case, and ultimately *does* conclude application of § 101 to some of Graff's claims requires further factfinding, such a remand can be ordered by the panel, after first addressing those issues that are ripe for its decision. The possibility that a remand for factfinding might be necessary in this case, however, is sufficiently remote that the present motion for a pre-hearing remand should be denied.

                    Respectfully submitted,

August 28, 2014

                    /s/Joseph Matal
                  _____
                  NATHAN K. KELLEY
                  Solicitor

                  JOSEPH MATAL
                  AMY J. NELSON
                  Associate Solicitors

                  Mail Stop 8
                  P.O. Box 1450
                  Alexandria, Virginia 22313-1450

                  *Attorneys for the Director of the*
                  *United States Patent and*
                  *Trademark Office*

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2014, I electronically filed the foregoing RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR REMAND using the Court's CM/ECF filing system.  Mr. Michael K. Mutter, counsel for appellant, was electronically served by and through the Court's CM/EMF filing system per Fed. R. App. 25 and Fed. Cir. R. 25(a) and 25(b).


     /s/ Joseph Matal
_____
Joseph Matal
Associate Solicitor